**AGV PRODUCTIONS, INC.,
a California Corporation,
Plaintiff–Appellant,**

**v.**

**METRO–GOLDWYN–MAYER INC., a Delaware Corporation, and Orion Pictures Corporation, a Delaware Corporation, Defendants–Appellees.**

No. 00–9345.

United States Court of Appeals,
Second Circuit.

May 2, 2002.

Appearing for Appellant:Robert S. Churchill, McLaughlin & Stern, LLP, New York, N.Y. (Norman S. Oberstein, Oberstein, Kibre & Horwitz, on the brief).

Appearing for Appellee:Francis J. Menton, Jr., Willkie Farr & Gallagher, New York, New York, N.Y. (Patricia L. Glaser and Theresa Macellaro, Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, on the brief).

Present VAN GRAAFEILAND, JACOBS, and CALABRESI, Circuit Judges.

Plaintiff–Appellant AGV Productions, Inc., ("AGV") appeals from an order entered in the United States District Court

for the Southern District of New York (Schwartz, *J.*), granting defendants' motion for partial summary judgment and dismissing AGV's state law claims, without prejudice, for lack of subject matter jurisdiction. Familiarity with the district court opinion, including the fastidious account of the dozen relevant contracts and the defined terms used, is presumed. *AGV Prod., Inc. v. Metro–Goldwyn–Mayer, Inc.,* 115 F.Supp.2d 378 (S.D.N.Y.2000).

The only federal question in this case is whether, assuming Orion's right of first negotiation survived the various transfers of sequel rights that took place prior to Orion's bankruptcy, Orion's right of first negotiation survived the bankruptcy. Other issues briefed by the parties—whether Orion's right of first negotiation survived the various transfers of sequel rights that took place prior to Orion's bankruptcy, and whether this right survived the transfer of sequel rights that took place subsequent to Orion's bankruptcy—need not be decided.

AGV concedes that, under the Orion Plan, "the Distribution Agreements were novated together with [Orion's] rights of first negotiation," which was contained in the Distribution Agreements. *Appellant's Reply Brief* at 12. However, AGV argues that it is not bound by these novated Distribution Agreements because of the following language contained in the Orion Plan: "The only parties to such reformed and novated contract shall be the holder of such Postconfirmation Participation Claim and the particular Debtor that was a party to the contract so reformed and novated." *Orion Plan* § 5.05(a)(ii). AGV argues that, since neither AGV nor Carolco was a Postconfirmation Participation Claim Holder, neither of them could be a "party to" the novated Distribution Agreements; therefore, AGV argues, neither of them could be "bound by" these novated Distribution Agreements. There is a large flaw in AGV's argument.

Assuming arguendo that (as a matter of state law) the right of first negotiation survived until the Orion Plan was consummated, [i] this right is embodied in the Distribution Agreements; [ii] the "parties to" the Distribution Agreements are Orion and a Postconfirmation Participation Claim Holder (Hemdale and/or Interlink); and [iii] AGV, as the ultimate successor of Hemdale, is either "bound by" by these agreements, or not—a question, however, that does not turn on whether AGV is, was, or could have been a "party to" the Distribution Agreements. The Orion Plan does not suggest that only Postconfirmation Participant Claim Holders are "bound by" the novated agreements; it merely provides that only Postconfirmation Participant Claim Holders are "parties to" the novated agreements. Since neither AGV nor Carolco was ever a "party to" the Distribution Agreements—even prior to bankruptcy—the Orion Plan did not alter either's position vis-à-vis the Distribution Agreements. They were each "bound by" the Distribution Agreements, or not, as a matter of state law; but all that matters for purposes of this appeal is that this question is unaffected by the terms of the Plan. AGV's argument that taking the sequel rights "subject to" the Distribution Agreements was insufficient to render it "bound by" the Distribution Agreements is a matter of state contract law.

We therefore conclude that, assuming Orion's right of first negotiation survived the various transfers of sequel rights that took place prior to Orion's bankruptcy, it survived bankruptcy. Because the sole claims arising under federal law were on that basis soundly rejected by the district court prior to trial, the district court acted well within its discretion in dismissing the state law claims for lack of subject matter jurisdiction. *See Purgess v. Sharrock,* 33 F.3d 134, 138 (2d Cir.1994); *Castellano v. Board of Trustees,* 937 F.2d 752, 758 (2d Cir.1991).

Because the state law claims were dismissed (rather than decided) and because the federal question does not turn on any of the state law issues, we decline to review the district court's conclusion that Orion's right of first negotiation survived to bankruptcy, or the fact finding on which this conclusion is based. AGV is therefore free to pursue any state law claims it may have in state court, without prejudice, including any state law claim it may have that Orion's right of first negotiation did not survive the various transfers of sequel rights that took place prior to Orion's bankruptcy.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.